UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRE VANCE POWELL,

          Petitioner,

    v.                                   CAUSE NO. 3:19-CV-198 DRL-MGG

WARDEN,

          Respondent.

OPINION AND ORDER

Andre Vance Powell, a prisoner without a lawyer, filed ten motions seeking to reconsider the order denying the petition for habeas relief and to continue litigating this case. The focus of this case was an amended habeas petition in which Mr. Powell challenged the disciplinary hearing (WCC 18-10-17) at the Westville Correctional Facility in which the Disciplinary Hearing Officer (DHO) found him guilty of failing to report to work in violation of Indiana Department of Correction Offense 250. ECF 21. As a result of the hearing, he was sanctioned with the loss of ninety days earned credit time.

On September 29, 2020, the court denied the habeas petition finding that it was moot due to his release from the custody of the Indiana Department of Correction in February 2020 and the absence of any evidence regarding collateral consequences. ECF 51. The court also reasoned that Mr. Powell did not request the restoration of his lost credit time or any other relief available in a habeas proceeding. In the pending motions, Mr. Powell asserts that he is now suffering collateral consequences because he was convicted of theft in November 2020 and has returned to the Westville Correctional

Facility. *See State v. Powell*, 20D02-2007-F5-161 (Elkhart Sup. Ct.). He also argues that the court should have construed the amended petition as seeking the restoration of his earned credit time. In the interest of judicial economy, the court will credit these arguments for purposes of this order and consider Mr. Powell's claims for habeas relief on the merits.

Mr. Powell argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He contends that the hearing officer relied solely on a conduct report based on hearsay evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision.").

Departmental policy defines Offense 250 as follows:

> (D) Failing to report to work/school as scheduled, being absent from work/school, failing to return to the center/program within prescribed time limits unless approved by the Warden. . . . [and]
> (G) While in the community Re-Entry Center/Community Transition Program, refusing to work or accept a work, program or housing assignment, or unauthorized absence from any work or program assignment.

ECF 29-20 at 9.

2

The administrative record includes a conduct report in which a caseworker represented as follows:

> On 9/20/18, at approximately 2:00 PM, I caseworker Huffman was informed that offender Andre Powell #951140 had not been reporting to his assigned job, the DNR. He told staff that he had been fired from DNR but upon further investigation it was found that he had not been fired from DNR and had instead just not been going to work. This violates the rules of the re-entry program.

ECF 21-1 at 1. It includes a statement from Sergeant Boone that, on September 19, 2018, he had told Mr. Powell that needed to go to work the next day on September 20. It also includes the following statement from Alex deGroot, Assistant Property Manager:

> I am not confident that Powell was fired in any official capacity -- no letters or emails or written documentation that I recall or could find. I do recall Powell being a team member that had a very hard time following directions and staying occupied.

ECF 29-18. These documents constitute some evidence that Mr. Powell violated Offense 250 by not reporting to work. Though Mr. Powell may have explained his reasoning for not reporting to work, the hearing officer was not required to credit this explanation or to find that it was sufficient to excuse the offense. Therefore, the claim that the hearing officer did not have sufficient evidence to support a finding of guilt is not a basis for habeas relief.

Mr. Powell argues that he is entitled to habeas relief because he did not receive "independent confirmation from Alex deGroot as to the existence or the non-existence of an email asking for my termination from DNR" and because the screening officer limited the number of requested witnesses to four. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v.*

*McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary

discretion to keep the hearing within reasonable limits and to refuse to call witnesses that

may create a risk of reprisal or undermine authority, as well as to limit access to other

inmates to collect statements or to compile other documentary evidence." *Id.* As detailed

above, the administrative record contained a statement from deGroot on the requested

subject matter.[1] Further, a limit of four witnesses for a straightforward disciplinary

charge appears to be a reasonable limitation, and Mr. Powell offers no explanation as to

why he would have needed more than four witnesses for his defense in this case.

Therefore, the claim that he was prevented from obtaining evidence for his defense is not

a basis for habeas relief.

Mr. Powell argues that he is entitled to habeas relief because the conduct report

did not provide him with adequate notice of the charge. He contends that the conduct

report did not identify the individuals who spoke with the caseworker and prompted the

issuance of the conduct report. He also contends that the lack of specific dates impeded

his ability to defend because he also did not go to work in July and August 2018. To satisfy

procedural due process, "written notice of the charges must be given to the disciplinary-

action defendant in order to inform him of the charges and to enable him to marshal the

facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Though the

---

[1] Mr. Powell maintains that he did not have this statement at the hearing, but the record reflects that an administrative assistant informed Mr. Powell that she had contacted Mr. deGroot and that she conveyed the substance of this statement to Mr. Powell two months before the hearing. ECF 18, ECF 21-1 at 22. Mr. Powell may have sought a second statement from Mr. DeGroot at screening, but it would have been reasonable for correctional staff to deny that request as redundant.

conduct report could have provided more information, the most natural reading of the conduct report is that it refers to Mr. Powell's refusal to go to work on September 20, 2018 -- the only date in the incident description section of the conduct report -- and a number of days immediately preceding it. Moreover, Mr. Powell's evidentiary requests undermine his contention that a lack of information impeded his ability to defend; at screening, he requested statements from two members of correctional staff regarding whether he was "on the DNR count letter" for September 19, 2018, and also requested a statement from his work supervisor regarding whether his employment was terminated. ECF 29-2. Mr. Powell also asserts that the failure to identify the caseworker's contacts in the conduct report prevented him from questioning his accusers (ECF 21 at 11), but there is no such right in the context of prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 567–68 (1974). Because the conduct report provided adequate notice of the disciplinary charge, this claim is not a basis for habeas relief.

Mr. Powell argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by finding him guilty, by denying his requests for evidence, and by considering Mr. Powell's attitude during the hearing in assessing the appropriate sanctions. He also suggests that the timing of his transfer to another facility and comments from an administrative assistant indicate that the desire to impress his supervisors motivated the hearing officer's decision to find him guilty. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th

Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.*

The record contains nothing to suggest that the hearing officer was involved in the underlying offense. Further, though the hearing officer denied Mr. Powell's hearing-related requests, found him guilty, and sanctioned him, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Moreover, the record contains no evidence to support any connection between the hearing officer, the transfer, and the administrative assistant, or that the hearing officer's desire to impress his supervisors affected his decision-making at the hearing. As a result, the claim of improper bias is not a basis for habeas relief.

Mr. Powell argues that he is entitled to habeas relief because he did not receive procedural due process or equal protection under the law with respect to his transfer to another correctional facility. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because these arguments do not relate to the fact or duration of Mr. Powell's incarceration, the court cannot grant him habeas relief on this basis.

In sum, the court finds that the claims raised in the habeas petition are meritless. Consequently, Mr. Powell would not be entitled to habeas relief even assuming that the habeas petition is no longer moot and even under a more generous interpretation of his request for relief. Therefore, the motions to reconsider and related motions (ECF 53, ECF 54, ECF 55, ECF 57, ECF 58, ECF 59, ECF 60, ECF 61, ECF 62, ECF 66) are denied.

SO ORDERED.

June 11, 2021                                    s/ Damon R. Leichty
                                                 Judge, United States District Court